UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern District

| | | |
|---|---|---|
| McAllister Towing of Baltimore, Inc., | § § § | |
| Plaintiff, | § § | Civil Action No.: |
| v. | § § | ECF Case |
| Safesea Transport, Inc., | § § | IN ADMIRALTY |
| Defendant, | § § | |
| and | § § | |
| M&T Bank, | § § | |
| Garnishee | § | |

**VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE
OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff McAllister Towing of Baltimore, Inc. ("McAllister") brings this action against Defendant Safesea Transport, Inc. ("Safesea") *in personam*, pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of process of maritime attachment and garnishment including against the Garnishee and states as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Garnishee is located, can be found, and can be served with process in this District.

3. Venue is also proper in this District because Defendant's property is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5. Plaintiff McAllister is a Maryland corporation, with its principal place of business at 1201 A Wallace Street, Baltimore, Maryland 21230.

6. Defendant Safesea is a New Jersey corporation, with its principal place of business at 371 Hoes Lane, Suite 204, Piscataway, NJ 08854.

7. Garnishee M&T Bank is a bank with which, by information and belief, Defendant keeps one or more accounts. M&T Bank maintains multiple branches and ATMs in this District.

## Facts

8. In May 2024, McAllister provided tug services in the Port of Baltimore – within this District - to the M/Y YASH, owned by Safesea.

9. McAllister issued an invoice to Safesea on May 30, 2024 in the amount of $73,872.20 for services performed within this District.

10. Safesea failed to pay the invoice when due.

11. McAllister's terms of payment are:

> Net 30 days. In the event that full payment is not made when due, McAllister shall be entitled to recover all costs of collection including reasonable attorney's fees and court costs, and 1.5 % interest per month on all outstanding balances. Payments received by or on behalf of Owner shall be applied as follows: FIRST to satisfy all fees, costs (including attorney's fees) and interest due and owing on any invoice issued to Owner commencing with the oldest such invoice and then to each subsequent such invoice and SECOND to satisfy all charges for Services arising hereunder commencing with the oldest open invoice and then to each subsequent invoice. Notwithstanding anything contained herein, in providing Services to the assisted Vessel, McAllister is relying upon the credit of the Vessel, and maintains its right to assert a lien against said Vessel for any amounts due for Services rendered, including those referenced above.

12. For the period June 30, 2024 to April 17, 2025, interest in the amount of $10,601.17 (*i.e.* 291 days) accrued on the outstanding principal.

13. On April 17, 2025, McAllister received a payment of $100, made on behalf of or for the benefit of Safesea, reducing the interest owed to $10,501.17. It did not impact the principal balance owed.

14. On April 21, 2025, McAllister received another partial payment of $49,900, made on behalf of or for the benefit of Safesea.

15. For the period April 17, 2025 to April 21, 2025 (*i.e.* 4 days), interest in the amount of $145.72 accrued on the outstanding principal.

16. The partial payment made on April 21, 2025 satisfied the accrued interest as of that date in the amount of $10,646.89 and reduced the outstanding principal amount owed to $34,691.09.

17. Accrued interest on the outstanding principal owed from April 22, 2025 to present is at least $3,318.94.

18. To date, McAllister has accrued estimated attorneys' fees and costs of at least $10,000 for its collection efforts. Safesea owes McAllister $48,010.03 ($34,691.09 principal, $3,318.94 interest, $10,000 attorneys' fees and costs).

19. Despite repeated demand for payment, McAllister remains unpaid and Safesea is in default of payment.

**Specific Allegations - Garnishee M&T Bank**

20. A UCC-1 on file with the State of New Jersey, Department of Treasury - filing number 57138831 - lists M&T Bank as an active secured party to Defendant Safesea. A reasonable inference is that SafeSea maintains accounts with M&T Bank which are accessible

– and capable of being withdrawn – in this District.

## Count I – Breach of Maritime Contract

21. McAllister incorporates the above paragraphs as if fully set forth herein.

22. Safesea breached its maritime contract with McAllister as set out above, namely, by failing to pay the amounts due for the tug services provided. Despite repeated demand, McAllister remains unpaid.

23. McAllister therefore demands judgment, as set out more fully below.

## Count II: Maritime Attachment and Garnishment (Rule B)

24. McAllister incorporates the above paragraphs as if specifically set forth herein.

25. McAllister seeks issue of process of maritime attachment so that it may be paid the sums due and owing.

26. No security for McAllister's claims has been posted by Safesea or anyone acting on its behalf to date.

27. Safesea cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District, including but not limited to the named Garnishee.

28. By information and belief, Safesea maintains an account(s) with Garnishee M&T Bank ("M&T"). Given this, McAllister believes that Garnishee M&T will, therefore, have funds on deposit for Safesea.

Garnishee M&T is present in this District and therefore McAllister believes that property owed to Safesea is also present in this District.

**Prayer for Relief**

WHEREFORE, McAllister prays:

A. That, in response to Count I, this Court have this case proceed for the security of McAllister against Safesea in the amount of at least $48,010.03, plus further amounts for interest, costs and attorneys' fees;

B. That, in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Safesea's tangible or intangible property or any other funds held by any Garnishee, up to the amount of at least the amount demanded herein to secure McAllister's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C. That, as provided in Supplemental Rule B, such person over 18 years of age be appointed as moved for herein, pursuant to Supplemental Rule B and Fed.R.Civ.P. 4(c), to serve Process of Maritime Attachment and Garnishment in this action;

D. That this Court award McAllister Towing of Baltimore, Inc. such other and further relief that this Court deems just and proper.

Dated: October 31, 2025.

/s/ J. Stephen Simms
J. Stephen Simms (#4269)
Gary C. Murphy (#31057)
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Ph:   410-783-5795
Fax:  410-510-1789
jssimms@simmsshowers.com

Counsel for McAllister Towing of Baltimore, Inc.

**VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for Defendant Safesea Transport, Inc. in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on October 31, 2025

/s/ J. Stephen Simms
J. Stephen Simms